## PARKER et al. v. BURLESON et al.

### No. 3394.

Court of Civil Appeals of Texas. Beaumont.

May 18, 1939.

Sanders & McLeroy, of Center, for appellants.

J. R. Bogard, of San Augustine, and J. R. Anderson, of Center, for appellees.

COMBS, Justice.

Appellants, Sam Parker and Julia Parker, a partnership using the trade-name of City Grocery Company, filed a suit in the district court of San Augustine County against Joe Burleson, Jr., seeking judgment on a promissory note of $1,000 and interest, and to foreclose a chattel mortgage lien on certain livestock. Burleson had left the county and subsequently died. No service of citation was ever had on him. F. K. Parker, not a member of the partnership, was general manager of the City Grocery Company. F. K. Parker, acting as general manager, caused a writ of sequestration to be issued and levied on the livestock and it was sold under orders of the court as perishable property. After the death of Joe Burleson, Jr., the appellees, being a widow and minor son, Joe Burleson, III, filed suit against all of the Parkers for damages, actual and exemplary, for wrongfully suing out the writ of sequestration and converting their property. The two suits were consolidated and proceeded to a trial before a jury as one suit. It is not disputed that Joe Burleson originally owed the City Grocery Company the $1,000 for which he gave a chattel mortgage. He seems to have pledged to the City Grocery Company also four vendor's lien notes of Eron Harris and wife, aggregating $1,000, the notes being retained against a 51½-acre tract of land which Burleson conveyed to the Harrises. In Burleson's conveyance to the Harrises, he reserved all the mineral rights in the tract of land. The Burlesons contended, and their evidence tended to show, that Joe Burleson made an agreement with the City Grocery Company, acting through F. K. Parker, that he would cause the Harrises to convey the 51½ acre tract of land to the Parkers, and they were to release the chattel mortgage on the personal property. It was shown that the Harrises did execute the deed of conveyance to the Parkers and delivered it to Judge W. T. Davis, attorney for the Parkers. It was subsequent to that time that F. K. Parker sued out the writ of sequestration. The Parkers on the other hand contended that the agreement between F. K. Parker and Joe Burleson was that in addition to the conveyance of the land by the Harrises, Burleson was also to convey to them the mineral rights before the chattel mortgage lien would be released. The mineral conveyance was never executed. In response to special issues the jury made findings in support of the contention of the Burlesons and the trial court entered judgment against the Parkers on their suit and in favor of the Burlesons and against Sam and Julia Parker, composing the partnership, City Grocery Company, on their suit for damages in the amount of $375 actual and $75 exemplary damages. As to F. K. Parker, the judgment was that they take nothing against him.

Opinion.

We overrule all of appellants' assignments complaining of the form of the issues submitted. We do not deem it necessary to enter into an extended discussion of the numerous assignments complaining of the form of the issues but will simply say that the theories of the respective parties were sharply drawn by the evidence and we do not think that the issues as drawn were so duplicitous or confusing as to work an injury to the appellants.

By issues 9, 10 and 11 the jury found that the Parkers converted a black mare belonging to Joe Burleson, of the value of $100. It is our conclusion that the finding of conversion is without support. The proof shows without contradiction that the black mare in question was loaned by Joe Burleson to F. K. Parker for his personal use, and there was no proof of conversion other than the evidence that demand had been made on F. K. Parker for return of all of the property covered by the mortgage and he had refused to return it. F. K. Parker was not a member of the partnership although he was general manager of the City Grocery Company. No judgment was rendered against him but only against Sam and Julia Parker, composing the partnership. There is no evidence whatever that the conversion of the mare by F. K. Parker, if he did convert it, was for the use and benefit of the partnership.

Appellants also complain of the failure of the trial court to define the legal terms, "wanton and reckless disregard of the rights of Joe Burleson, Jr.," in submitting the issue of exemplary damages. On a new trial the legal terms should be properly defined.

Since the case is being remanded we will remark that we fail to note in the judgment any disposition of the funds derived from the sheriff's sale of the property. Of course, if appellants are to be liable for converting the property they are entitled to proceeds derived from the sale, less any costs legally incurred, and the judgment should make proper disposition of the fund.

For the errors discussed, the judgment of the trial court is reversed and the cause remanded.

Reversed and remanded.